NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARIA DEL CARMEN ROSAS
ROMAN; YERENI BRISSEID BAUTISTA
ROSAS; BRIAN ELIAS BAUTISTA
ROSAS,

             Petitioners,

 v.

MERRICK B. GARLAND, Attorney
General,

             Respondent.

No. 23-2591

Agency Nos.
A201-742-141
A201-742-142
A201-742-143

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 22, 2024
San Francisco, California

Before: OWENS, SUNG, and SANCHEZ, Circuit Judges.

Maria Del Carmen Rosas Roman ("Petitioner") and her two derivative minor

children, natives and citizens of Mexico, petition for review of the Board of

Immigration Appeals' ("BIA") decision dismissing their appeal from an

_____

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Immigration Judge's ("IJ") decision denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We review the BIA's factual findings for "substantial evidence." *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). "To prevail under the substantial evidence standard, the petitioner must show that the evidence not only supports, but compels the conclusion that these findings and decisions are erroneous." *Id.* (internal quotation marks omitted). As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 8 U.S.C. § 1252(a)(1). We grant the petition as to asylum and withholding of removal and remand those claims to the BIA. We deny the petition as to the CAT claim.

To be eligible for asylum, Petitioner must establish that her membership in a particular social group was "at least one central reason" for her past persecution. 8 U.S.C. § 1158(b)(1)(B)(i). To be eligible for withholding of removal, she need only establish that her membership in a particular social group was "a reason" for her persecution. *Garcia v. Wilkinson*, 988 F.3d 1136, 1146 (9th Cir. 2021).

Here, Petitioner claimed membership in the particular social group of "Mexican females." Assuming the cognizability of this group, the BIA denied Petitioner's asylum and withholding of removal claims because she had not established the requisite nexus between her past persecution and her status as a Mexican woman. Instead, the BIA concluded Petitioner's "past and/or feared harm

relates solely to general violence and criminal activity."

We hold that substantial evidence does not support the BIA's conclusion that Petitioner's "past and/or feared harm relates solely to general violence and criminal activity." Petitioner's attackers repeatedly used gender-based slurs and directly referenced her appearance before, during, and after the rape. Her attackers addressed her as "bitch" every time they spoke to her. Her attackers referred to her as the "pretty one" immediately before one of them raped her. While she was being raped, her attacker punched her repeatedly in the mouth, which knocked out four of her front teeth. As she fled her attackers, one of them shouted "Run, bitch, run. When we find you, we are going to kill you and your children!" Following the assault, her attackers did not rob her or otherwise indicate a non-gender-based motive for their violence. Petitioner also presented country conditions evidence of pervasive gender-based violence in Mexico. Given the sexual nature of the attack and the gendered language the attackers used, we find that the record compels the conclusion that Petitioner's status as a Mexican woman was "at least one central reason" for her attack for purposes of asylum, and "a reason" for her attack for purposes of withholding of removal.

Moreover, even if the BIA rightly concluded that Petitioner's attackers were motivated at least in part by a desire to commit "general crime and violence," the agency nonetheless erred by not considering the attackers' mixed motives. *See*

*Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062 (9th Cir 2017) (en banc) ("[P]ersecution may be caused by more than one central reason, and [petitioner] need not prove which reason was dominant." (citation omitted)). If the evidence shows that Petitioner's status as a Mexican female was related to her persecution and did not play a "minor role" such that it was "incidental, tangential, superficial, or subordinate to another reason for harm," it can meet the "one central reason" standard even if another reason exists. *Manzano v. Garland*, 104 F.4th 1202, 1207 (citation omitted). Here, the record compels the conclusion that Petitioner's status as a "Mexican female" played more than a "minor role" in her persecution. *Id.* (citation omitted). By not analyzing the gendered language used by Petitioner's attackers, the BIA overlooked clear evidence that, even if her attackers were motivated, in part, by "general violence and criminal activity," they were *also* motivated by her status as a "Mexican female."

Lastly, we find sufficient evidence in the record to support the BIA's denial of CAT relief. The Mexican authorities took steps to investigate Petitioner's attack. The record also includes evidence of efforts by the Mexican government to combat gender-based violence. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1035 (9th Cir. 2014). Thus, the record does not compel the conclusion that Mexican officials would acquiesce in Petitioner's torture if she returned to Mexico. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) ("[A] general

ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence.").

**PETITION FOR REVIEW GRANTED IN PART AND DENIED IN PART**.

23-2591